

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Sam Houston State Teachers College
Huntsville, Texas

Dear Sirs:                         Attention:  Mr. O. P. Barrett

                                   Opinion No. O-4681
                                   Re:  Purchase of airplanes by Sam
                                        Houston State Teachers College
                                        and other matters.

        We have received your letter of recent date which
we quote in part as follows:

        "We have received the following letter from
Mr. Charles B. Wood, Attorney at Law, Houston,
Texas, and we would like very much for you to write
us your opinion on the correct answers to his ques-
tions:

        "'Will you please let me know wheth-
er the Sam Houston State Teachers College
is incorporated or is a corporate body,
and whether or not it can take title to
real or personal property, and as to wheth-
er or not it can take and handle bequests
or gifts to it.'

        "Also please send us your opinion as to wheth-
er or not the Sam Houston State Teachers College
can legally enter into the following transactions:

        "1.  Can the college borrow money
for the purpose of operating its Civil
Pilot Training program and purchasing
planes to be used in training the boys
taking this course?  The money would be
repaid within a year from the fees paid
by the federal government to the college
for training these students.  The con-
tract with the federal government and
the planes would be up as security, but

Sam Houston State Teachers College, Page 2

no further obligations on the part of
the college or the state would be in-
curred.

"2. Can the college legally pur-
chase planes and parachutes on an in-
stallment plan with the understanding
that the entire purchase price would be
paid from the federal government for
operating the school?

". . . ."

The Sam Houston State Teachers College is not in-
corporated or a corporate body in the sense of being governed
by a charter filed with the Secretary of State. On the other
hand, it is an agency of the State and is governed by legis-
lative act. (See Rainey, et al. v. Malone, 141 S. W. (2d)
713, wherein it was held that the Board of Regents of the
University of Texas was the head of a department of the State
Government.) The Board of Regents of the State Teachers Col-
leges is a body corporate in the sense that it is empowered to
acquire property under the conditions set out in the statutes.
We believe that this question of whether the college is a
body corporate or not is asked in connection with the two
questions that follow it--whether it can take title to real
or personal property, and whether it can take and handle be-
quests or gifts to it.

The Board of Regents of the State Teachers Colleges
is empowered and authorized to construct and equip buildings,
purchase supplies, and acquire land for the use and benefit
of any state teachers college. Article 2647, Revised Civil
Statutes of 1925; Article 2647b, Vernon's Annotated Civil
Statutes. And it is authorized to construct or acquire through
funds or loans to be obtained from the United States Government
or one of its agencies or from any other source the buildings
described in Article 2603e, Vernon's Annotated Civil Statutes,
and pledge the revenues of said buildings to the payment of
bonds or notes issued for the construction or acquisition of
such buildings. See also Article 2909a, Vernon's Annotated
Civil Statutes, providing for the erection and equipment of
dormitories, cottages, and stadiums, and the pledging of the
revenues therefrom for the payment thereof. To the extent
that the statutes authorize, therefore, the Board of Regents

may acquire title both to real property and personalty for the use and benefit of the San Houston State Teachers College.

There is no general law authorizing the college or the Board of Regents to accept gifts. Hence, we must hold that no such general authority exists. In the case of Fort Worth Cavalry Club v. Shepperd, 125 Tex. 339, 83 S. W. (2d) 660, Justice Critz speaking for the Supreme Court said:

"All public offices and officers are creatures of law. The powers and duties of public officers are defined and limited by law. By being defined and limited by law, we mean the act of a public officer must be expressly authorized by law, or implied therefrom. 22 R.C.L., p. 555, # 114. . . ."

Article 2595, Revised Civil Statutes, authorizes donations under conditions therein specified for the purpose of establishing a professorship or scholarship in the University of Texas or any of its branches. The donation of tax delinquent land to the Board of Regents of the University of Texas is authorized by Article 2595a, Vernon's Annotated Civil Statutes, under certain conditions. The Board of Directors of the Agricultural and Mechanical College is authorized to accept gifts, donations or contributions of land suitable for forestry purposes. Article 2613a-2, Vernon's Annotated Civil Statutes. In other words, these statutes specifically authorize the acceptance of donations.

Section 8 of Article 2603, providing for the construction of buildings and the pledging of revenues therefrom, reads as follows:

"Sec. 8. Provided further that each of said boards (in this instance, the Board of Regents of the State Teachers Colleges) is hereby authorized to acquire by gift or by purchase out of funds derived by pledging the revenues as herein provided such tracts of land, without cost to the State of Texas as may be necessary as building sites and grounds for the erection of such buildings." (Parenthetical insertion and emphasis ours).

The reasoning behind the requirements of legislative authority for the acceptance of gifts is easily seen. Many gifts are given on conditions which require detailed supervision. As time goes on complications might arise which would interfere with the effective management of the college.

In view of the foregoing you are respectfully advised that the Board of Regents may accept gifts for the use of San Houston College only as it is authorized to do so by legislative enactment. We believe that this rule is qualified to this extent: we believe that the property which the Board of Regents is authorized to purchase for the benefit of San Houston State Teachers College may be acquired by gift if such acquisition is subject to no greater restrictions. We do not believe that the law requires a payment of consideration if the property, authorized by law to be purchased, can be obtained free.

The problem of making a gift to the San Houston State Teachers College may be solved by making the gift to the State of Texas for the use and benefit of said college. The Legislature may by resolution accept the gift. If it does, then the college will receive the use and benefit of the gift in accordance with the terms of same.

We now turn to your enumerated questions. In Question No. 1, you ask whether the college may borrow money for the purpose of operating its Civil Pilot Training Program and purchasing planes to be used in the program. You state that the money would be repaid within a year from fees paid by the Federal Government, that the planes would be put up as security, but that no further obligation on the part of the college or State would be incurred.

It is our opinion that the San Houston State Teachers College may not borrow money for the purposes mentioned.

In the first place, there is no statutory authority for the college itself to maintain such a program. In Section 3 of Article 2647 it is said: "Said board shall not change any department of instruction provided by law, and no department shall be established for the support of which provision has not been made by the Legislature." Provision has not been made by the Legislature for this program. It follows that the college may not purchase airplanes.

Sam Houston State Teachers College, Page 5

Articles 2603e and 2909a, Vernon's Annotated Civil Statutes, provide for the construction of certain buildings and the pledging of the revenues of such buildings for the payment thereof. However, it is our opinion that the purchase of airports or airplanes does not come within the terms of such articles.

This past session of the Legislature passed Senate Bill 147 which authorizes the Board of Directors of the Agricultural and Mechanical College to acquire an airport and equipment therefor. (Acts 1941, 47th Leg., R. S., Ch. 81, S. B. 147, p. 100; Article 2615e, Vernon's Annotated Civil Statutes). This act is certainly indicative that specific legislative authority is required. The emergency clause of the act reads in part as follows:

"Sec. 3. The fact that said institution is in urgent need of the authority to acquire and operate an airport in connection with courses now being taught and those contemplated, and to permit its more effective cooperation in the National Defense Program, creates an emergency . . ." (Emphasis supplied).

There is no authority for the Sam Houston State Teachers College to purchase or operate an airport or airplanes. It follows that said college may not borrow money to purchase airplanes.

If we should hold that the college could purchase the planes, the question would then arise as to whether the fees paid the college by the Federal Government would be State moneys, and if so, whether the college could use such moneys, without legislative appropriation, for the purchase of planes. In our opinion No. O-1694 the following was stated:

"It will be noted that Article 2654d provides that the board 'may retain control' of local or institutional funds, but said article does not give express authority to the board of regents to pledge local funds which may be available in the future. When all of the sections of Article 2654d are construed together, we believe that it is evident that the intention of the Legislature was to give the local boards merely the right to keep such local

funds in a local depository, instead of requiring
that they be transmitted to the State Treasury,
and that there was no intention to confer on such
boards the power to pledge such local funds as
might accumulate in the future. The power to
pledge such funds is, we believe, one which the
Board of Regents would not have in the absence
of express legislative authority. It is well set-
tled that 'public officers and governmental and
administrative boards possess only such powers
as are expressly conferred upon them by law or
are necessarily implied from the powers conferred.'
34 Tex. Juris. 440."

In view of our holding this question is not before
us, and we express no opinion thereon.

What we have said with respect to your first ques-
tion applies equally to your second. It follows that your
second question is answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By George W. Sparks

George W. Sparks
Assistant

GWS:mp

APPROVED JUL 3, 1942

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN